**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARYELL MITCHELL REXRODE,<br><br>Petitioner,<br><br>v.<br><br>DAVID ORTIZ,<br><br>Respondent. | Civil Action No. 21-234 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the Court on Petitioner Daryell Mitchell Rexrode's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner replied. (ECF No. 6.) By way of background, Petitioner was, at the time he filed his petition, a federal prisoner serving out his sentence at Fort Dix. (ECF No. 1 at 1-2.) He filed his petition in January 2021, raising a single claim – that he was entitled to additional jail credits pursuant to the First Step Act. (*Id.* at 6-7.) As relief, Petitioner sought only the granting of these additional credits. (*Id.* at 7.)

After briefing of this matter was completed, on January 24, 2022, the Government filed a letter in this matter in which they inform the Court that Petitioner was released from BOP custody in January 2022. (ECF No. 11.) As such, the Government requested this matter be dismissed as moot as Petitioner was no longer in prison and could no longer receive further jail credits towards his completed custodial sentence. (*Id.*) Because the Government's letter did not include any

documentary proof regarding whether Petitioner had received the credits he sought or to what sort of custody Petitioner had been released, this Court directed the Government to provide further documentation as to these issues. (ECF No. 12.) On March 11, 2022, the Government filed an additional letter, accompanied by a certification and documentary evidence, which indicated that Petitioner had been awarded the credits he sought in his habeas petition, and that this award of credits had triggered his release in January 2022. (ECF No. 17.) These documents therefore indicate that Petitioner has already received the relief he sought in this matter – additional credits under the First Step Act, and is no longer subject to the period of detention he sought to challenge. Petitioner has not filed a response to any of the Government's letters, and all mail sent to Petitioner since January 2022 has been returned as undeliverable. (*See* ECF Nos. 15-16, 18.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).

In this matter, Petitioner sought only the award of additional jail credits under the First Step Act so that he might achieve an earlier release. As Petitioner has now clearly received the credits he sought, and has been released from prison, Petitioner no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Petitioner with any meaningful relief in this habeas matter, and Petitioner's challenge is therefore moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

2

Petitioner's habeas petition shall therefore be dismissed. An appropriate order to that effect shall be entered.

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　Hon. Karen M. Williams,
　　　　　　　　　　　　　　　　　　　　United States District Judge